UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

BRENDA JACKSON and
SHERRI LISIECKI,

       Plaintiffs,                         Case No. 02-C-936

v.

RACINE COUNTY,

       Defendant.
_____

THE ESTATE OF LINDA R. SCHULTZ,

       Plaintiff,                         Case No. 02-C-1262

v.

RACINE COUNTY,

       Defendant.
_____

PATRICIA BIRCHELL-SIELAFF,

       Plaintiff,                         Case No. 02-C-1263

v.

RACINE COUNTY,

       Defendant.
_____

**ORDER ON MOTIONS TO STRIKE, MOTION FOR LEAVE TO FILE EXCESS PAGES, MOTION FOR EXTENSION, MOTION TO SEAL, AND SECOND MOTION TO COMPEL DISCOVERY**
_____

On September 19, 2002, co-plaintiffs Brenda Jackson ("Jackson") and Sherri Lisiecki ("Lisiecki") filed case number 02-C-936, a Title VII discrimination claim against Racine County. Their complaint is based on allegations that Robert Larsen ("Larsen"), a Racine County supervisor, sexually harassed them. On December 27, 2002, Patricia Birchell-Sielaff ("Birchell-Sielaff") and Linda Nutt (now proceeding as the estate of Linda R. Schultz ("Schultz")) filed case numbers 02-C-1263 and 02-C-1262 respectively. Both of those cases also allege a Title VII discrimination claim against Racine County based on the Larsen's alleged sexual harassment.

Based on the defendant and allegations common to all three cases, the parties agreed to consolidate the cases for purposes of discovery. (Order April 2, 2003.). Discovery is now closed, and the parties filed cross-motions for summary judgment. In addition, the parties filed several other non-dispositive motions that relate directly to summary judgment. Since these motions may have an impact on how the court analyzes the motions for summary judgment, they are being addressed in advance of any resolution of the summary judgment motions, which will be the subject of a subsequent decision by the court. The following motions will be the subject of this decision.

**Plaintiff's Motions**

A. Joint motion to strike: (1) Racine County's supplemental statement of facts in opposition to plaintiffs' motion for summary judgment; (2) the affidavit of Larsen; (3) the affidavit of Mark Janiuk; (4) the affidavit of Matthew W. McVey; and (5) the affidavit of Marta Kultgen. (Case No. 02-C-1262, Docket 85; Case No. 02-C-1263, Docket 88; Case No. 02-C-936, Docket 107.).

B. Joint motion for leave to file a summary judgment brief beyond the page limit. (Case No. 02-C-936, Docket 95; Case No. 02-C-1262, Docket 83; Case No. 02-C-1263, Docket 86.).

C. Co-plaintiffs Lisiecki and Jackson have filed a motion to strike Racine County's Supplemental Findings of Fact and all Second Supplemental Affidavits filed in support of Racine County's summary judgment motion. (Case No. 02-C-936, Docket 118.).

D. Birchell-Sielaff and Schultz have filed a joint motion to strike Racine County's summary judgment reply brief, which was docketed in the Jackson/Lisiecki case only. (Case No. 02-C-1262, Docket 102; Case No. 02-C-1263, Docket 108.).

E. Jackson and Lisiecki filed a second motion to compel discovery. (Case No. 02-C-936, Docket 125.).

**Defendant's Motions**

A. Motion to strike the following: (1) the proposed facts and brief filed in support of Jackson's and Lisiecki's motion for summary judgment; (2) the proposed facts and brief filed in support of Birchell-Sielaff's and Schultz's motion for summary judgment; (3) the report and opinions of Dr. Louise Fitzgerald; (4) the Racine County Anti-harassment Committee's Confidential summary Report; and (5) the Affidavit of Trisha Knight. (Case No. 02-C-936, Docket 74; Case No. 02-C-1262, Docket No. 72; Case No. 02-C-1263, Docket No. 72.).

B. Motion for extension and a related motion to seal the affidavit of Attorney Joanne M. Breese-Jaeck. (Case No. 02-C-1262, Docket 105 and 115; Case No. 02-C-1263, Docket 111 and 121.). This was filed in opposition to the joint motion to strike its reply brief.

For purposes of simplicity, and because many of the pleadings are identical and have been docketed in all three cases, the court's citation will reference the pleadings by title or description only, whenever possible.

## I. PLAINTIFFS' JOINT MOTION FOR LEAVE TO FILE BEYOND THE PAGE LIMIT

The plaintiffs' filed a joint motion for enlargement of the summary judgment page limitation. As grounds, plaintiffs claim that additional pages were needed to adequately preserve the summary judgment record in light of multiple plaintiffs in this consolidated case, the many depositions taken during discovery, volume of documents produced, and the many disputes regarding the record. The plaintiffs' motion was filed in all three cases on March 30 and 31, 2005. On those dates, plaintiffs filed a number of pleadings that respond to Racine County's motion to strike and Racine County's supplemental facts, as well as its reply brief. The defendant did not oppose the plaintiffs' motion, and the court believes that the defendant has not suffered prejudiced due to the plaintiffs' submissions. Accordingly, the plaintiffs' joint motion will be granted.

## II. BIRCHELL-SIELAFF'S AND SCHULTZ'S JOINT MOTION TO STRIKE REPLY BRIEF AND RACINE COUNTY'S MOTION FOR EXTENSION TO FILE REPLY BRIEF

Birchell-Sielaff and Schultz have filed a joint motion to strike Racine County's summary judgment reply brief. As grounds, Birchell-Sielaff and Schultz claim that Racine County's reply brief was not timely filed. The court finds this argument unpersuasive and will deny the motion to strike.

On March 15, 2005, upon the motion of Birchell-Sielaff and Schultz, this court extended the briefing schedule in regard to Racine County's motion for summary judgment. The new reply deadline for Racine County was set as April 14, 2005. On March 30, 2005, Racine County filed its reply brief in case number 02-C-936, but did not file it in the other two cases. According to Racine County, the office assistant who e-filed the reply brief erroneously believed that, upon filing the reply in case number 02-C-936, it would be filed in all three cases due to the consolidation. (Racine County Mtn. for Extension at 2.). While Birchell-Sielaff and Schultz take issue with some of the reasons that

Racine County presents to show that the office assistant's belief was reasonable, those reasons are not critical to resolution of the motion to strike. This is true because Attorney Tricia L. Knight ("Attorney Knight"), counsel for both Birchell-Sielaff and Schultz, had timely notice of Racine County's reply.

Although the three cases are consolidated for purposes of discovery only, the issues presented in the parties' cross-motions for summary judgment are related. In fact, Racine County structured its summary judgment brief by first addressing arguments relevant to all plaintiffs and then discussing arguments that apply to the plaintiffs individually. The identical brief was filed in all three cases, and the plaintiffs filed a joint response brief. The reply brief that Racine County filed in case number 02-C-936 is clearly a consolidated reply, applicable to all four plaintiffs. It alleges that plaintiffs' joint response brief contains many inadmissable statements and contradictory facts, that the plaintiffs have not established a factual dispute from which a reasonable jury could conclude that their work environment meets the definition of "hostile," that the plaintiffs have not established a factual dispute from which a reasonable jury could infer that they suffered tangible employment action from sexual harassment, and that the plaintiffs have failed to raise a factual dispute concerning retaliation. (Racine County Reply at 1-3.).

Moreover, Attorney Knight is currently listed counsel for the plaintiffs in all three cases. Attorney Knight now claims that she only listed her status as counsel for Lisiecki and Jackson in case number 02-C-936 to assist in filing the plaintiffs' joint summary judgment response brief. Apparently, Attorney Radtke, Jackson's and Lisiecki's counsel, had difficulties using the court's electronic filing system, and both of plaintiffs' counsel were working together on the date that the response brief was due. (Pl.'s Joint Resp. Br. on Def.'s Mtn. for Extension at 3-4.). Although Racine County filed its brief just before Attorney Knight indicated that she was representing Jackson and Lisiecki (See id.),

the docket reflects that Attorney Knight was counsel of record as of the reply brief deadline, as well as when she filed the pending motion to strike. Moreover, both counsel for the plaintiffs have worked together continuously during the course of the consolidated litigation. In fact, Attorney Knight submits that both counsel were working together on the very night after which Racine County's reply brief was filed in case number 02-C-936. (Id.).

Based on the foregoing, it strains the limits of credulity for Attorney Knight to claim that she had no notice of Racine County's reply brief. Moreover, even assuming (for the sake of argument) that Attorney Knight had no actual notice of the consolidated reply brief, reasonable efforts such as review of the docket in case number 02-C-936 or inquiry to defense counsel would have resolved any uncertainty regarding Racine County's reply and would have eliminated the need for the pending motion to strike.

Based on the foregoing, the court concludes that Birchell-Sielaff and Schultz have not been prejudiced by Racine County's inadvertent filing error. The motion to strike will be denied. For the same reasons, Racine County's motion for extension, which was filed in opposition to the motion to strike, will be granted. The reply brief, which has now been supplied in paper format to the court and to Attorney Knight, should be electronically filed in case numbers 02-C-1262 and 02-C-1263 by Racine County. In the future, all parties should take appropriate measures to ensure that pleadings relevant to one or more of the consolidated cases are filed under the appropriate docket by the filing deadline.

### III. RACINE COUNTY'S MOTION TO SEAL

In support of its motion for extension (and in further response to Birchell-Sielaff's and Schultz's joint motion to strike) Racine County filed a motion to seal the affidavit of Attorney JoAnne

Breese-Jaeck. Because the court will grant Racine County's motion for extension, regardless of the information provided in the affidavit, the motion to seal is now moot. However, because the affidavit discusses a personal matter regarding an employee of defendant's counsel, and is already of record, the motion to seal will be granted.

### IV. JACKSON'S AND LISIECKI'S MOTION TO COMPEL DISCOVERY

On June 3, 2005, Jackson and Lisiecki filed a motion to compel discovery of the notes and draft reports that Attorney Susan Love ("Attorney Love") used to provide input on an investigatory report regarding complaints against Larsen. Jackson and Lisiecki requested these documents during the course of discovery. On September 10, 2003, the defendants objected to Jackson's and Lisiecki's request for production, claiming the documents were protected by attorney-client privilege and work product privilege. (Jackson & Lisiecki Br. at Ex. 1.).

In their pending motion to compel, Jackson and Lisiecki claim that the notes and drafts are not privileged and should be disclosed immediately. In support of this position, Jackson and Lisiecki make two claims. First, they claim that the deposition testimony of Matthew McVey ("McVey"), a member of Racine County's sexual harassment committee, reveals that Attorney Love was not acting as counsel for Racine County at the time she used the requested notes and drafts. McVey testified that Attorney Love was not hired to review complaints against Larsen as outside counsel. Rather, according to McVey's testimony, Attorney Love was simply substituting for Ken Adams, Racine County's personnel director, who recused himself from the investigation because his brother witnessed Larsen's alleged misconduct. (Jackson & Lisiecki Br. at 3.). Based on McVey's testimony, the defendants argue that Attorney Love acted as personnel director in the regular course of Racine County's business, and not as a legal advisor. (Jackson & Lisiecki Br. at 2-3, 6-8.). Because attorney-

7

client privilege does not extend to business advice, the plaintiffs submit the documents are not protected.

In addition, the plaintiffs claim that the notes and drafts that Attorney Love reviewed are now discoverable regardless of whether they were initially privileged. In support of this second argument, Jackson and Lisiecki claim that Racine County should not be permitted to cite its investigation as evidence of adequate efforts to address the plaintiffs' complaints on summary judgment and, at the same time, refuse to disclose documents associated with its investigation. (Jackson & Lisiecki Br. at 5-6.).

First, regardless of the merits of the plaintiffs' motion to compel, it is untimely. The date by which discovery was to close has been extended on numerous occasions. In this court's most recent order extending the discovery deadline, the court notified the parties that all discovery was to be completed by October 15, 2004 and that no further extensions would be given. Clearly, discovery was closed long before Jackson and Lisiecki filed the pending motion to compel. Thus, before the merits are addressed, the court must first determine whether Jackson and Lisiecki have presented an adequate basis for their delay.

Jackson and Lisiecki address the issue of timeliness in their reply brief. They state that the motion to compel should be permitted because they did not realize the documents were not privileged until they reviewed Racine County's summary judgment pleadings. Prior to that time, Jackson and Lisiecki claim that they believed Racine County's investigation focused on the definition of sexual harassment, as that term is used in Title VII. Based on that assumption, they found it likely that Attorney Love had provided legal advice and that the requested discovery was privileged, as Racine County claimed. In its summary judgment response brief, Racine County states that its investigation

8

did not entail an analysis of Title VII. Instead, Racine County claims that the investigation was intended for internal purposes and focused on a Racine County ordinance that is stricter than Title VII. (Racine County Summ. J. Resp. Br. at 17.). Jackson and Lisiecki claim surprise at this position.

The court is not persuaded that Jackson and Lisiecki's alleged surprise constitutes adequate cause for their delay. The primary basis cited by Jackson and Lisiecki in support of their position that the notes and drafts are not privileged is McVey's deposition testimony. The plaintiffs conducted McVey's deposition on February 20, 2004, well before the close of discovery. McVey stated that Attorney Love was involved in the investigation as a substitute for the personnel director. (Jackson & Lisiecki Br. Ex. at 2, 77-78.). If McVey's testimony constitutes sufficient support for disclosure of non-privileged material at this late date, then McVey's testimony cannot, at the same time, be deemed insufficient to have placed the plaintiffs on notice that the discovery might not be privileged.

The real reason for plaintiff's delay in seeking these documents is that they felt they were not necessary until they read the defendant's summary judgment motion which emphasizes the defendant's position on the committee's investigation. According to the defendant, the purpose of the investigation was to determine whether it was appropriate to reprimand Larsen for his conduct. That purpose necessarily focuses on business considerations that might not be limited to Title VII. In other words, the committee was not engaged in a Title VII analysis. This should not have come as a surprise to the plaintiffs, for as Racine County points out, McVey and another member of Racine County's anti-harassment committee, Marta Kultgen, both testified in their depositions that the investigation focused on a Racine County ordinance, applied it to the facts, and recommended termination of Larson. (Racine County Resp. at 5, n. 1 citing Ex. A.).

While Jackson and Lisiecki now profess surprise at the defendant's position that a Racine ordinance and not Title VII was considered in assessing Larson's conduct, the summary judgment pleadings should not have been the plaintiffs' first notice of this position. Notwithstanding, in regard to the issue of privilege and whether plaintiffs acted in a timely fashion in seeking disclosure of these documents, there was early and sufficient notice that Attorney Love might not have acted in her legal capacity. In fact, Jackson and Lisiecki concede that "evidence that unfolded prior to the Summary Judgment briefing started to case some doubt on the assertion of privilege." (Jackson & Lisiecki Reply at 3-4.). In this case, plaintiffs had the factual and legal support to challenge the claim of privilege on a timely basis; they just failed to pursue it based on strategic decisions. Accordingly, the plaintiffs have not demonstrated good cause for bringing their motion at this late date, and the court need not resolve whether the documents are protected by privilege. Jackson and Lisiecki's motion to compel will be denied.

## V. MOTIONS TO STRIKE

1. <u>Racine County's Motion</u>

Racine County filed a motion to strike several of the plaintiffs' submissions—the expert report and opinions of Dr. Louise Fitzgerald, the Racine County Anti-harassment Committee's confidential summary report, a letter written by Matthew McVey, the affidavit of Attorney Trisha Knight, many of the plaintiffs' proposed findings of fact, and portions of the plaintiffs' summary judgment motions. The crux of Racine County's motion to strike is its claim that the plaintiffs' submissions do not comply with Federal Rule of Civil Procedure 56(e). That rule requires that affidavits filed in support of or in opposition to a motion for summary judgment be: (1) made on personal knowledge, (2) set

forth such facts as would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify to the matters stated therein.

Racine County claims that the report and expert opinion of Dr. Fitzgerald do not comply with the second requirement of Rule 56(e). In particular, Racine County claims that Dr. Fitzgerald's opinion and report are inadmissible under Federal Rule of Evidence 702 and the considerations discussed in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). (Racine County Br. at 2-8.). Racine County also submits evidentiary challenges in regard to other of the plaintiffs' submissions. For example, Racine County claims that the affidavit of Attorney Knight, statements presented in support of Schultz's claim, and Teresa McIntosh's accusations against Larsen all constitute inadmissible hearsay. (<u>Id</u>. at 8-12.). In addition, Racine County claims that many of the plaintiffs' proposed findings of fact are conclusory, are not based on personal knowledge, are not supported by adequate citation to the record, and are not relevant. (<u>Id</u>. at 13-17.). These few examples illustrate the many evidentiary challenges submitted in Racine County's motion.

The plaintiffs claim that Racine County's motion should be denied because it addresses the plaintiffs' submissions generally, without specifying particular statements that Racine County believes are inadmissible. According to the plaintiffs, this has made it difficult for them to respond to Racine County's motion. (Pl.'s Joint Resp. Br. at 2.). However, the plaintiffs did address portions of the defendants' motion with particularity and claim that its submissions reference admissible statements and information. For example, plaintiffs submit hearsay exceptions for the documents referenced in Attorney Knights affidavit; contend that Dr. Fitzgerald is a qualified expert who's opinions are science-based and reliable; and argue that Schultz's claim is permissible, despite her death, because

other witnesses are able to testify based on personal knowledge. (See Pl.'s Joint Resp. Brs. (e.g., Case No. 02-C-936, Docket 99-103.).

2. Plaintiffs' Motions

In addition, the plaintiffs filed their own motions to strike several of Racine County's submissions. The plaintiffs filed a joint motion to strike Racine County's supplemental affidavits and supplemental facts, which were filed in opposition to plaintiffs' motion for summary judgment. Like Racine County, the plaintiffs cite Rule 56(e) in support of their motion. Plaintiffs claim that the defendants' submissions should be stricken as inadmissible because they contain legal conclusions, hearsay, and speculation. In addition, the plaintiffs claim that certain of the proposed facts and supporting affidavits contradict previous testimony by the affiants, lack support in the record, and attempt to prove the content of documents without producing the document itself. (Pl.'s Br. at 2.).

Jackson and Lisiecki have filed an additional motion to strike. Their motion challenges the supplemental affidavits and proposed findings of fact filed with Racine County's reply brief, in support its motion for summary judgment. As grounds for the motion, Jackson and Lisiecki claim that supplemental submissions are not authorized by Civil Local Rule 56.2. In response, Racine County concedes that the local rules do not authorize supplemental facts presented with a reply brief. However, Racine County claims that Local Rule 56.2 does not *forbid* its supplemental facts and that its additional submissions were necessary in light of the plaintiffs' allegedly improper response brief and related filings.

3. Analysis

Analysis of Jackson's and Lisiecki's motion to strike requires the court to consider Civil Local Rule 56.2, which is cited by the parties, as well as Civil Local Rule 7.1. Civil Local Rule 56.2(c),

12

which governs summary judgment reply briefs, states that the movant may respond to the opposing party's proposed findings of fact in accordance with the provisions of Civil Local Rule 56.2(b)(1). While the submission of additional proposed findings are addressed elsewhere in Rule 56.2, subsection (b)(1) does not provide for additional proposed findings of fact.

However, Civil Local Rule 7.1, which governs motion practice in general, also applies. Rule 7.1(f) states that "[a] reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply." When both rules are considered together, it is clear that additional proposed findings of fact might be appropriately filed with a reply brief. The key limitation is that the proposed findings of fact must be limited to matters that reply to the nonmoving party's response brief. Thus, supplemental affidavits and proposed findings of fact are not permitted if they relate to additional or tangential theories that were never previously raised by the parties or if they relate to issues that the nonmoving party did not challenge.

With respect to the motion of Jackson and Lisiecki, as well as all of the other motions to strike that have been filed, the court believes that relief is not warranted at this time. The parties have submitted voluminous materials in support of their respective motions for summary judgment, as well as their motions to strike. The parties request that the court undertake a paragraph by paragraph analysis to determine whether proposed findings of fact, affidavits, and other documents, or documents should be stricken, for a variety of reasons. In the opinion of the court, a thorough analysis of this wealth of material is unnecessary at this time. To decide, within the limited context of a motion to strike, whether certain statements should be excluded as being unrelated to matters in reply, as being in violation of Rule 56(e), or for other reasons, will be a time-consuming exercise that may not advance the ultimate issues to be decided on summary judgment. Decisions on the pending motions

for summary judgment are this court's primary concern in moving this case toward final resolution. At this time, it is sufficient to state that only the proposed findings of fact, affidavits, documents, or arguments that have a direct bearing on the issues <u>and</u> that satisfy applicable summary judgment requirements, including Federal Rule of Civil Procedure 56(e) and Civil Local Rules 7.1 and 56.2, will bear weight on the court's summary judgment decision. Others submissions will not.

For example, in determining whether summary judgment is appropriate, this court's decision will not give weight to statements that are obviously conclusory, such as Larsen's statement that he "did not engage in sexual harassment or sexually harassing behavior at any time during his tenure with Racine County." (Racine County Supp. Statement of Facts in Opp'n to Pl. Mtn for Summ. J. ¶ 4.). Similarly, if Dr. Fitzgerald's opinion does not consider the particular facts of this case, as Racine County claims, it might be irrelevant for summary judgment purposes. In that case, the court need not consider whether Dr. Fitzgerald testimony is sufficiently reliable under Federal Rule of Evidence 702.

There is a likelihood that some of the challenged portions of the record will fall by the wayside as the case moves forward. Prior to trial, and if necessary at that time, the parties may re-assert arguments that certain evidence is inadmissible by way of a motion in limine. Therefore, even though the motions to strike are procedurally correct, in this case, it is more efficient to resolve them within the framework of the pending motions for summary judgment. Accordingly, the court will deny the motions to strike without prejudice.

For all the reasons discussed herein, the court now enters the following order on the parties' motions:

**IT IS THEREFORE ORDERED** that the plaintiffs' joint motion to file beyond the page limit is **granted.**

**IT IS FURTHER ORDERED** that Birchell-Sielaff's and Schultz's joint motion to strike Racine County's reply brief is **denied.**

**IT IS FURTHER ORDERED** that Racine County's motion for extension to file reply brief is **granted.**

**IT IS FURTHER ORDERED** that Racine County's motion to seal is **granted.**

**IT IS FURTHER ORDERED** that Jackson's and Lisiecki's second motion to compel discovery is **denied.**

**IT IS FURTHER ORDERED** that Jackson and Lisiecki's motion to strike Racine County's supplemental statement of facts and related submissions, filed in support of summary judgment, is **denied.**

**IT IS FURTHER ORDERED** that the plaintiffs' motion to strike Racine County's supplemental statement of facts and related submissions, filed in opposition to summary judgment is **denied.**

**IT IS FURTHER ORDERED** that Racine County's motion to strike is **denied.**

Dated at Milwaukee, Wisconsin this 25th day of July, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge